IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**RANDAL JENNINGS,**
Reg. #21384-045                                                                                    **PETITIONER**

VS.                        NO. 2:22-CV-00047-JM-ERE

**Dewayne Hendrix, former Warden,**
**Forrest City, et al.**                                                                         **RESPONDENT**

## ORDER

On March 21, 2022, Randal Jennings, incarcerated in the Federal Correctional Institution Low Unit, in Forrest City, Arkansas ("FCI-FC"), filed a *pro se* pleading, titled "Complaint for Declaratory and Injunctive Relief and Petition for Habeas Corpus Immediate Relief Requested." *Doc. 1 at 1*. Mr. Jennings presents his pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241 (*Id. at 13*), but also states that "some claims might fall under tort or *Bivens." Id.*

For reasons that follow, Mr. Jennings is notified that he may convert this case from a habeas corpus proceeding to an action challenging the conditions of his confinement under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), by filing notice that he consents to the conversion, on or before Monday, June 20, 2022.

In his pleading,[1] Mr. Jennings contends that his underlying health conditions (hypertension, diabetes, obesity, asthma, and COPD) in combination with the conditions of his confinement (overcrowding, lack of hot water, and mold) increase the chance that he will contract COVID-19. *Id.* at *6, 12, 14, 31,* 35. In addition, he alleges that prison staff have pressured him to violate his religious beliefs, denied him the opportunity to worship, and retaliated against him for submitting grievances. *Id. at 17-22*.

By way of relief, Mr. Jennings asks the Court to place him in home confinement (*Id. at 9*), but he also seeks complete release from custody, stating that "nothing short of an order ending his confinement will alleviate . . . Respondent's failure to adequately protect [him] from these unconstitutional conditions." *Id. at 57.* As alternative relief to home confinement or release from custody, Mr. Jennings ask the Court to order Defendants to "correct every constitutional violation . . . . and pay any damages [the] Court sees fit." *Id. at 67*.

Regardless of the relief sought, Eighth Circuit "precedent precludes conditions-of-confinement claims using the vehicle of a habeas petition." *Spencer v. Haynes*, 774 F.3d 467, 468 (8th Cir. 2014). "Where a petitioner seeks a writ of

---

[1] Mr. Jennings' 173-page filing incorporates, almost word-for-word, an equally voluminous pleading filed in this District by multiple FCI-FC inmates. See *Taylor United States*, 2:20-cv-00207-LPR-JTR, ECF No. 1 (E.D. Ark.). In that case, United States District Judge Lee Rudofsky dismissed the § 2241 habeas petition without prejudice and reclassified the action as a civil rights case seeking relief from unconstitutional prison conditions. *Id.*, ECF No. 10.

habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996).

Here, Mr. Jennings complains about the conditions of his confinement, including that his physical living conditions put him in jeopardy of contracting COVID-19 and render his continued incarceration at FCI-FC unconstitutional. However, he *does not* claim that the conditions of his confinement affect the length or validity of his sentence.[2] Because Mr. Jennings attacks the conditions of his confinement, not the validity of his sentence or of length of his custody, his claims are not cognizable under 28 U.S.C. § 2241.

---

[2] After the advent of COVID-19, the Sixth Circuit held that where medically vulnerable petitioners claim that no set of prison conditions could protect them from the spread of the virus, their claims challenged the fact or extent, rather than the conditions of confinement, making the claims cognizable under § 2241. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). However, other jurisdictions have rejected the Sixth Circuit's approach. See, e.g. *Wilson v. Ponce*, No. CV204451MWFMRWX, 2020 WL 3053375, at *14-19 (C.D. Cal. June 8, 2020) (discussing split of authority and citing cases, but ruling that "the requested relief here [immediate evaluation for home confinement ] is not cognizable as a habeas claim), appeal dismissed, No. 20-55760, 2020 WL 6293689 (9th Cir. Oct. 19, 2020); *Wragg v. Ortiz*, 462 F.Supp.3d 476 (D. N.J. May 27, 2020) (ruling it lacked habeas jurisdiction under § 2241 to entertain federal prisoners' COVID-19 related Eighth Amendment claims); *Keys v. Warden, FCC Coleman - Low*, No. 5:20-cv-319-Oc-02PRL, 2020 WL 3962233, at *1-2 (M.D. Fla. July 13, 2020) (dismissing without prejudice a § 2241 petition seeking release based on alleged conditions relating to COVID-19, because the claims "are not cognizable under § 2241" and should be brought in a civil rights complaint).

The Sixth Circuit's holding in *Wilson* is directly at odds with the Eighth Circuit's decision in *Spencer v. Haynes*, 774 F.3d 467, 468 (8th Cir. 2014), which precludes the use of habeas corpus to obtain review of a prisoner's conditions of confinement claims. Even if the Eighth Circuit followed the Sixth Circuit's approach, which it does not, Mr. Jennings has requested money damages and injunctive relief as alternative remedies, which distinguishes his claims from those presented in *Wilson* and undermines his contention that nothing short of a court order ending his confinement will provide relief from allegedly unconstitutional prison conditions.

Although Mr. Jennings may not use a habeas action to pursue claims regarding his conditions of confinement, for screening purposes only, the Court finds that his allegations raise potentially viable Eighth Amendment violations. The Eighth Circuit has advised that the better practice in this situation is to obtain consent from a *pro se* litigant before converting a proposed habeas action to a civil rights action. *Spencer*, 774 F.3d at 471.

IT IS THEREFORE ORDRED that:

(1) If Mr. Jennings consents to converting this case from a habeas action to a prison conditions action pursuant to Bivens, he should file notice (a simple statement), on or before **Monday, June 20, 2022**, that he consents to the conversion.[3]

(2) If Mr. Jennings files timely notice of his consent, the Court will then consider his pending application to proceed *in forma pauperis*.[4] Doc. 6.

Dated this 20th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] If Mr. Jennings fails to consent to the conversion the Court will recommend that his habeas claim be dismissed.

[4] Even though Mr. Jennings has paid the filing fee for a habeas petition (*Doc. 5*), if he elects to convert this case to a prison conditions action, he must comply with the filing fee requirement for prisoner cases, which requires him to pay $350. Although this amount may be paid in installments, the entire amount must be paid, even if the case is dismissed before trial.